The Honorable Brenda Gullett State Senator #28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have requested my opinion on a draft bill to place a tax on the wholesale level for tobacco products. It is my understanding that your question is as follows:
 Would a proposed excise tax on cigarette wholesalers require a simple majority vote or a three-fourths vote?
Response
It is my opinion that a proposed excise tax on cigarette wholesalers would require only a simple majority vote for passage.
The legal issue raised by this question is whether a new excise tax on cigarette wholesalers would be governed by Article 5, § 38 of the Arkansas Constitution, which requires a three-fourths majority vote to increase any tax that existed in 1934 at the time of the passage of Article 5, § 38 (as a part of Amendment 19). See Caldarera v. McCarroll,Commissioner of Revenue, 198 Ark. 584, 129 S.W.2d 615 (1939). It is my understanding that the proposed tax would be calculated on a percentage of invoice cost, and would be paid through regular reporting to the Department of Finance and Administration.
In 1934, no excise tax on cigarette wholesalers existed. An excise tax on cigarette retailers existed at that time, levied under the authority of Act 152 of 1929. This excise tax was not imposed upon wholesalers until 1937 (by Act 336 of 1937). Moreover, the tax that was levied under Act 152 of 1929 was calculated on the basis of an amount per thousand cigarettes sold, rather than on a percentage of invoice cost, as is the proposed tax. Finally, the 1929 tax was paid through the purchase of stamps, whereas the proposed tax would be paid through regular reporting to the Department of Finance and Administration.
The proposed tax therefore differs in three fundamental aspects from the tax that was levied at the time of the passage of Article 5, § 38: (1) The 1929 tax was borne by retailers, whereas the proposed tax would be borne by wholesalers; (2) The 1929 tax was calculated on basis of an amount per thousand cigarettes sold, whereas the proposed tax would be calculated on the basis of a percentage of the invoice cost of cigarettes sold by a wholesaler to a retailer; and (3) The 1929 tax was paid through the purchase of stamps, whereas the proposed tax would be paid through monthly reporting.
For these reasons, I must conclude that in 1934, no tax such as the proposed tax existed. Accordingly, a new tax of this nature is not governed by Article 5, § 38, and would therefore require only a simple majority vote for passage.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General